**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No.** _____

Juan Escoto**, Plaintiff,**

**v.**

Delanor Kemper & Associates, LLC**, Defendant.**

## COMPLAINT

### PARTIES

1. Plaintiff Juan Escoto is a resident of Colorado who presently resides at the following address: 6971 Locust St, Commerce City, CO 80022.

2. Defendant Delanor, Kemper & Associates is a resident of Georgia who is located at the following address: 2221 Peachtree Rd, #473 Suite D, Atlanta, GA 30309.

### JURISDICTION

3. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a).  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

### BRIEF FACTUAL BACKGROUND

4. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

6. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

1

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around May 27, 2010, Defendant telephoned Plaintiff's sister ("Sister").

10. During this communication, Defendant disclosed the existence, nature, and/or amount of the debt to Sister.

11. During this communication, Defendant threatened to sue Plaintiff in Adams County if Plaintiff did not contact Defendant by noon on May 28, 2010.

12. During this communication, Defendant falsely represented that Defendant was pursuing Plaintiff for writing fraudulent checks.

13. During this communication, Defendant threatened to issue a warrant for Plaintiff's arrest if Plaintiff did not contact Defendant.

14. On or around May 28, 2010, Plaintiff telephoned Defendant.

15. During this communication, Defendant failed to identify itself as a debt collector.

16. During this communication, Defendant falsely represented that Defendant was calling about check fraud.

17. During this communication, Defendant threatened to issue a warrant for Plaintiff's arrest if the debt was not paid by 6:00 pm that day.

18. At the time of these communications, Defendant had neither the intent nor ability to arrest Plaintiff.

19. At the time of these communications, Defendant had neither the intent nor ability to pursue legal action against Plaintiff.

20. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

21. Defendant violated the FDCPA.

## FIRST CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## SECOND CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party disclosed that Plaintiff owed the debt.

## THIRD CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## FOURTH CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## FIFTH CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## SIXTH CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## SEVENTH CLAIM FOR RELIEF

### Invasion of Privacy by Public Disclosure of a Private Fact

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. Defendant released information which was private to Plaintiff and concerned Plaintiff's private life to Plaintiff's sister.

36. Defendant's disclosure of Plaintiff's debt, accusation of a crime, and the threat of legal action to this person is highly offensive.

37. The information disclosed is not of legitimate concern to the public.

## EIGHTH CLAIM FOR RELIEF

### Invasion of Privacy by Intrusion upon Seclusion

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. Defendant intentionally interfered, physically or otherwise, with Plaintiff's solitude, seclusion, and or private concerns.

40. Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

41. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

42. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

43. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial.

## JURY DEMAND

44. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

45. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

   c. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Public Disclosure of a Private Fact.

   d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
233 S. Wacker Drive, Suite 5150
Chicago, IL 60606
Tel: 1.866.339.1156
Fax: 1.312.822.1064
rjm@legalhelpers.com
*Attorneys for Plaintiff*

5